UNITED STATES, Appellee

v.

JOHNNIE S. SAPP, Private First Class, U. S. Army, Appellant

1 USCMA 100, 2 CMR 6

No. 14

Decided January 8, 1952

Mr. Carl A. Barrington, for Appellant.

MAJ. George B. Springston, U S Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Petitioner, Private First Class Johnnie S. Sapp, was convicted by general court-martial on May 19, 1951, of the offense of larceny in violation of Article of War 93, 10 USCA Chap. 36. He was sentenced to be dishonorably discharged, to total forfeiture of pay and allowances, and to be confined at hard labor for five years. The convening authority approved the findings and sentence except that the period of confinement was reduced to three years and the Board of Review affirmed. We granted petition for review limited to issues concerning the voluntariness of a pre-trial confession received in evidence over defense objection and the tactics of the prosecution in introducing evidence of a confession possibly induced by force.

The first issue presents, basically, the same question that was before us in United States v. Monge, 1 USCMA 95, 2 CMR 1, decided this day. It is alleged that the confession received in evidence was rendered involuntary because of circumstances surrounding an earlier admission of guilt. The facts are as follows: Petitioner was surprised while prowling through an Army barracks at Fort Bragg, North Carolina. He escaped and was subsequently apprehended by several soldiers. He was questioned and was hit several times by his captors—according to them, to prevent escape. He admitted the theft which occurred earlier in the evening. Approximately four hours later, petitioner was interrogated by a Criminal Investigation Division agent.

Prior to this, a search of his effects by the company commander had turned up several wallets which had been taken from members of the company. After warning by the CID agent, as required by Article of War 24, petitioner confessed fully the various thefts for which he was tried. No improper inducements were alleged, and the agent stated that none were present. The agent had no knowledge of the prior incriminating statements, and there is no evidence that petitioner gave the statement because of his prior admission of guilt or because of fear of further mistreatment. The written confession covered crimes other than the one admitted orally, and petitioner was not tried for the theft which he first admitted. Petitioner had served in the Army since July 8, 1948, had completed eight years of school, and had an AGCT score of 86, indicating normal intelligence.

Under these facts, we have no hesitation in concluding, under the principles enunciated in United States v. Monge, supra, that we cannot upset the determinations of the trial court that the prior improper influences had terminated and that the subsequent confession was, in fact, voluntary. The court might well have found that the force used at the time of the first confession was no more than necessary to prevent escape and that it had no effect on petitioner's subsequent confession.

It is also alleged that the introduction in evidence of the first, oral confession constituted prejudicial misconduct by the trial counsel. The record discloses that trial counsel established the oral confession through direct testimony of prosecution witnesses, knowing, as he must have, that petitioner was beaten prior to his admission of guilt. Laying aside for the moment the question of involuntariness, it seems clear that this evidence of petitioner's involvement in another barracks theft was admissible to show a course of criminal conduct. MCM 1949, par. 125(b); MCM 1951, par. 138(g). The only proper objection to its admissibility must be based on its involuntary nature. We know of no rule imposing on the prosecution a duty to withhold evidence of a confession where a question may arise as to its voluntary nature. The question of voluntariness is one of fact to be determined initially by the law member and finally by the entire court. Indeed, it was necessary that evidence of this confession and the circumstances surrounding it be before the court in order to cast doubt on the voluntary nature of subsequent confessions. The court was properly advised by the law member to disregard this confession as evidence of guilt. We find, therefore, no error prejudicial to the accused in the prosecution procedure.

We have considered the entire record and find therein no errors prejudicial to the accused. Accordingly, the decision of the Board of Review is affirmed.

Judges LATIMER and BROSMAN concur.